UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHELLE L. HIGGINBOTHAM,          )     NO. EDCV 10-1235 MAN
                                   )
            Plaintiff,             )
                                   )     MEMORANDUM OPINION
       v.                          )
                                   )     AND ORDER
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
            Defendant.             )
_____)

       Plaintiff filed a Complaint on August 23, 2010, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  On October 1, 2010, and January 6, 2011, the parties consented to proceed, pursuant to 28 U.S.C. § 636(c), before the undersigned United States Magistrate Judge.  The parties filed a Joint Stipulation on April 7, 2011, in which:  plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits; and defendant concedes that reversal is appropriate, but seeks an order remanding this

case for further administrative proceedings.[1]   The Court has taken the parties' Joint Stipulation under submission without oral argument.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On May 15, 2007, plaintiff filed an application for a period of disability, DIB, and SSI. (Administrative Record ("A.R.") 12.) Plaintiff, who was born on April 4, 1972,[2] claimed to have been disabled since June 1, 2004, due to back problems and back surgeries. (A.R. 12, 62, 77, 160, 191.)  Plaintiff had past relevant work experience as a phlebotomist, office clerk, cashier, and teacher's assistant. (A.R. 20.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 12, 62-66, 77-82), plaintiff requested a hearing (A.R. 76). On February 6, 2009, vocational expert Sandra Fioretti ("VE Fioretti") and plaintiff, who was represented by an attorney,[3] appeared and testified at a hearing before Administrative Law Judge Joseph D. Schloss (the "ALJ"). (A.R. 36-57.) On July 14, 2009, the ALJ conducted another hearing during which vocational expert Corinne J. Porter ("VE Porter") testified. (A.R. 25-35.) On September 2, 2009, the ALJ denied

---

[1]   On May 4, 2011, plaintiff's counsel filed a Notice of Death of Plaintiff.

[2]   At the time of the alleged disability onset date, plaintiff was 32 years old, which is defined as a younger individual. (A.R. 20, *citing* 20 C.F.R. §§ 404.1563, 416.963.)

[3]   Although in his decision the ALJ states that plaintiff was represented by a "non-attorney representative" (A.R. 12), the record indicates that she was represented by attorneys at both of her hearings. (A.R. 25, 27, 36,38.)

1  plaintiff's claim (A.R. 12-22), and the Appeals Council subsequently
2  denied plaintiff's request for review of the ALJ's decision (A.R. 1-8).
3  That decision is now at issue in this action.

4

5                  **SUMMARY OF ADMINISTRATIVE DECISION**

6

7      The ALJ found that plaintiff had not engaged in substantial gainful
8  activity since June 1, 2004, the alleged onset date of her disability.
9  (A.R. 14.)  The ALJ determined that plaintiff had the severe impairments
10  of degenerative disc disease (post surgery) and depression.  (*Id.*)  The
11  ALJ also determined that plaintiff did not have an impairment or
12  combination of impairments that met or medically equaled in severity any
13  impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20
14  C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925,
15  416.926).  (A.R. 15.)

16

17      After reviewing the record, the ALJ determined that plaintiff had
18  the residual functional capacity ("RFC") to perform a limited range of
19  sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a).
20  Specifically, the ALJ determined that:

21

22      [plaintiff could] lift and/or carry 10 pounds occasionally or
23      frequently; stand and/or walk a total of two hours in an
24      eight-hour workday for 30 minutes at a time; and sit about six
25      hours in an eight-hour day for not more than one hour at a
26      time.  [Plaintiff] should be provided a sit/stand option.  She
27      [wa]s limited to occasional climbing of ramps or stairs,
28      bending, stooping, twisting, crouching or crawling.  She is

1  precluded from climbing ladders, ropes or scaffolds,
2  balancing, from work at unprotected heights, and/or around
3  moving machinery or vibrations. [Plaintiff] ha[d] moderate
4  [footnote omitted] limitation in her ability to understand,
5  remember and carry out detailed instructions, to maintain
6  attention and concentration for extended periods, and to
7  interact appropriately with the public.

9  (A.R. 16-17.)

11      The ALJ concluded that plaintiff was unable to perform her past
12  relevant work but had acquired the following transferable work skills:
13  the ability to handle receipts; count money; record transactions; keep
14  records; interact with the public; and provide information. (A.R. 20.)
15  Having considered plaintiff's age, education, work experience, and RFC,
16  as well as the testimony of VE Porter, the ALJ found that plaintiff
17  could perform jobs in the national economy, including check casher,
18  charge account clerk, receptionist/information clerk, and surveillance
19  systems monitor. (A.R. 20-22.) Accordingly, the ALJ concluded that
20  plaintiff was not disabled within the meaning of the Social Security Act
21  from June 1, 2004, the alleged onset date, through the date of his
22  decision. (A.R. 22.)

24                       **STANDARD OF REVIEW**

26      Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's
27  decision to determine whether it is free from legal error and supported
28  by substantial evidence in the record as a whole. Orn v. Astrue, 495

4

F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  <u>Connett v. Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  <u>Desrosiers v. Sec'y of Health and Hum. Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'"  <u>Robbins</u>

5

1  v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v.
2  Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d
3  at 679.

4

5                                **DISCUSSION**

6

7      Plaintiff makes the following claims:  (1) the ALJ erred in finding
8  that she did not meet the Listing of Impairments (the "Listings"),
9  section 1.04A; (2) the ALJ failed to determine her RFC properly; and (3)
10 the ALJ failed to determine properly whether she could perform other
11 work.  (Joint Stipulation at 4.)

12

13     The Commissioner concedes that the ALJ erred and reversal is
14 warranted on all claims.  (Joint Stipulation at 7-9, 19, 23.)  The issue
15 here is the remedy.  Plaintiff requests an order reversing the
16 Commissioner's decision and remanding this case for the payment of
17 benefits; the Commissioner seeks an order remanding this case for
18 further administrative proceedings.

19

20 **I.   The ALJ Erred in Finding That Plaintiff Did Not Meet Listing**
21      **§ 1.04A During the Period from June 1, 2004, to June 18, 2006.**

22

23     As noted above, the ALJ found that plaintiff's impairments did not
24 meet the Listings.  He stated that this finding was supported by the
25 opinions of the medical expert, Arthur Lorber, M.D., and state agency
26 physicians.  (A.R. 15.)  He also found plaintiff had the RFC to perform
27 a limited range of sedentary work.  To reach this finding, the ALJ gave
28 "substantial weight" to the opinions of consulting examining physician

                                      6

Herbert E. Johnson, M.D.,[4] but "greater weight" to the opinions of Dr. Lorber. (A.R. 19.)

Dr. Johnson examined plaintiff on June 27, 2007. (A.R. 437-41.) Other than a letter from plaintiff's treating physician, John Demakas, M.D., Dr. Johnson did not review any of plaintiff's voluminous medical records.[5] (A.R. 437.) He conducted a physical examination of plaintiff but did not take or review any radiographic images. (A.R. 440.) He found that plaintiff had degenerative disc disease status post multiple surgical procedures, including fusion, with residual tenderness, spasm, and decreased range of motion with possible mild radiculopathy of the right lower extremity. (*Id.*) He opined that she had the RFC to perform a limited range of light work. (*Id.*) He did not state that his opinion was retrospective.

---

[4]    In the decision, the ALJ states he has given substantial weight to "Dr. Robbins' opinion"; however, he discusses and cites Dr. Johnson's opinion. (A.R. 19 (*citing* A.R. 437-41).) "Dr. Robbins" is Robert S. Robbins, M.D., a doctor plaintiff saw after June 7, 2007. (A.R. 467-68, 471-527.) Dr. Robbins did not provide any opinions about plaintiff's ability to perform work-related activities. (*Id.*) The reference to "Dr. Robbins' opinion" appears to be a clerical error. It appears that the ALJ intended to state that he gave substantial weight to Dr. Johnson's opinion.

[5]    Because Dr. Johnson was not provided with all of plaintiff's medical records, he based his assessment on an incomplete picture of plaintiff's condition. *See* 20 C.F.R. §§ 404.1517, 416.917 ("If we arrange for [a consultative] examination or test, . . . [w]e will also give the examiner any necessary background information about your condition; Nalley v. Apfel, 100 F. Supp. 2d 947, 953 (S.D. Iowa 2000)(noting that "when a claimant is sent to a doctor for a consultative examination, *all* the available medical records should be reviewed by the examiner"). As a result, it is unclear whether Dr. Johnson's opinion constitutes substantial evidence. *See* 20 C.F.R. §§ 404.1645(a), 416.945(a)(noting that a claimant's RFC is an assessment based upon all of the relevant evidence); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)(medical expert opinions constitute substantial evidence only when they are supported by the record and consistent with it).

On March 8, 2009, Dr. Lorber provided expert medical opinions regarding plaintiff's impairments and limitations. (A.R. 684-88.) Dr. Lorber conducted a detailed summary of plaintiff's medical records, which included descriptions of plaintiff's six back surgeries between March 2, 2005, and January 18, 2006. (A.R. 685-86.) He diagnosed her with:

> Chronic low back, and chronic leg pain, with history of large disc herniation, left side, at the L5-S1 level, treated with microdiskectomy, but subsequently developing multiple recurrent [or residual] disc herniations, at that same level, treated with multiple repeated microdiskectomies, and despite that, evidence of yet another "recurrent" disc herniation, at that level, initially treated with an interbody fusion procedure, using [a] prosthesis, with the subsequent complication of displacement of that prosthesis, requiring almost immediate replacement, by a different type of interbody fusion device, and that procedure resulting in the additional complication of placement of one of the interbody fusion cages, into the spinal canal, causing neural impingement, which was then treated by an unorthodox procedure, of "grinding down" that portion of the surgical implant, which projected into the spinal canal.

(A.R. 687-88.)

Dr. Lorber opined that plaintiff met Listing 1.04A (disorders of the spine with evidence of nerve root compression) from June 1, 2004,

8

her alleged onset date, to June 18, 2006.  (A.R. 688.)  He opined that, after that date, she could lift occasionally 10 pounds and frequently less than 10 pounds, stand for a total of two hours in an eight-hour workday for 30 minutes at a time; and sit for a total of six hours in an eight-hour day for not more than one hour at a time.  (A.R. 688.)  She was:  limited to occasional climbing of ramps or stairs, bending, stooping, twisting, or crouching; and precluded from kneeling, crawling, climbing ladders, ropes or scaffolds, balancing, from work at unprotected heights, and/or around moving machinery or vibrations. (*Id.*)  He also recommended a sit/stand option.  (*Id.*)

Although the ALJ stated that he gave "greater weight" to the opinions of Dr. Lorber, he rejected Dr. Lorber's opinion that plaintiff's impairments met Listing 1.04A from June 1, 2004, to June 18, 2006.  (A.R. 19.)  The ALJ provided no explanation for this discrepancy. He did not explicitly discuss or provide any reason for rejecting Dr. Lorber's opinion that plaintiff's impairments met Listing 1.04A.

Dr. Lorber's opinion that plaintiff's impairments met Listing 1.04A for the closed period from June 1, 2004, to June 18, 2006, is the only medical opinion in the record that discusses plaintiff's impairments during that time.  The state agency physician's and Dr. Johnson's opinions all concern plaintiff's impairments and limitations for times after June 18, 2006.  (*See* A.R. 437-41, 442-44, 459-63, 469-70.) Accordingly, the ALJ erred when he rejected Dr. Lorber's opinion that Plaintiff's impairments met Listing 1.04A during the closed period and failed to award plaintiff benefits for that closed period of disability.

The ALJ erred when he found plaintiff's impairments did not meet Listing 1.04A during the closed period.

With respect to the period after June 18, 2006, the record is not so clear. While Dr. Lorber's opinions appear to indicate that plaintiff could perform a limited range of sedentary work, this Court cannot affirm the ALJ's finding in view of his grave error in failing to find that plaintiff's impairments met Listing 1.04A before that date and the absence of any determination about medical improvement. *See* 20 C.F.R. §§ 404.1594, 416.994; <u>Waters v. Barnhart</u>, 276 F.3d 716, 718-19 (5th Cir. 2002)(in closed period cases, medical improvement standard applies); <u>Shepherd v. Apfel</u>, 184 F.3d 1196, 1200-01 (10th Cir.1999); <u>Jones v. Shalala</u>, 10 F.3d 522, 524 (7th Cir. 1993).

## II.  **The ALJ Failed To Determine Properly Plaintiff's RFC And Whether She Could Perform Other Work**.

Plaintiff contends that the ALJ failed to determine properly plaintiff's RFC and whether she could perform other work. The Commissioner concedes that the ALJ erred. (Joint Stip. 19, 23.)

The Commissioner concedes that the ALJ's RFC determination was improper, because the ALJ failed to consider properly plaintiff's testimony about the side effects of her medications and the testimony of third party witnesses.[6] (A.R. 19.) The Commissioner further concedes that the ALJ's finding that plaintiff could perform other work was

_____

[6]     The ALJ also failed to consider properly the opinions of John J. Demakas, M.D., plaintiff's treating physician. (A.R. 335.)

improper, because it was based on his improper RFC determination.  (A.R. 23.)

**III. <u>Remand Is Required</u>.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.* at 1179-81.

As to the closed period from June 1, 2004, to June 18, 2006, there are no outstanding issues that must be resolved.  The medical evidence of record supports Dr. Lorber's opinion that plaintiff's impairments met Listing 1.04A during this closed period.  This opinion is not contradicted by any medical opinion in the record.  Thus, the Court finds that plaintiff was disabled throughout the closed period and that reversal and remand for an award of benefits for the closed period from June 1, 2004, to June 18, 2006, is warranted.

As to the time after June 18, 2006, remand for further proceedings is required, because there are outstanding issues that must be resolved before disability can be determined, including, but not limited to: whether there was medical improvement in plaintiff's impairments such that they no longer met the Listings; whether the testimony of plaintiff and third party witness is credible; plaintiff's RFC; and whether plaintiff could perform work. *See, e.g.*, <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful; <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 21, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

12